UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

BRYON BIGGS,

        Plaintiff,

  v.               **DECISION AND ORDER**
                      10-CV-408S
P & B CAPITAL GROUP,

        Defendant.

## I. INTRODUCTION

Plaintiff commenced this action under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq.*, by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is Defendant's Motion to Dismiss pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.[1] This is the first motion filed by Defendant on this ground. Also before this court is Plaintiff's Motion for Default Judgment. For the reasons stated below, both Defendant's and Plaintiff's motions are denied.

## II. BACKGROUND

This motion arises from a discovery ruling issued by the Honorable Leslie G. Foschio, United States Magistrate Judge. On April 1, 2011, Defendant filed a Motion to Compel Plaintiff to respond to Interrogatories 1, 2, 5, 8, 9, 10, and 11 of its First Set of Interrogatories because it deemed Plaintiff's initial response inadequate. (Docket No. 57.)

---

[1] Although Defendant ascribes its Motion to Dismiss as arising under Local Rule 37, this Court properly understands Defendant's motion as falling under Federal Rule of Civil Procedure 37(b), which empowers this Court to sanction a party for failure to obey a discovery order, including by dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A)(v).

On May 3, 2011, Judge Foschio held oral argument on Defendant's motion. (Docket No. 66.) The minute entry for the proceeding shows that the motion was granted as to some of the interrogatories, mooted as to parts of others, and withdrawn in the case of some. As to those interrogatories on which the motion was granted, Judge Foschio directed Plaintiff to file appropriate interrogatory responses within ten days. Thereafter, Plaintiff filed a one sentence motion for reconsideration, arguing that the number of questions posed by Defendant was unduly burdensome. (Docket No. 69.) At the same time, Plaintiff filed a motion for extension of time to file answers to the interrogatories, and objections to the scheduling order, issued the day after oral argument, citing personal family matters. (Docket Nos. 70, 71.) These motions were followed by a trio of identical motions three days later. (Docket Nos. 75, 76, 77.) Each of these motions and objections was denied. (Docket Nos. 72, 73, 74, 79.)

Presumably to comply with Judge Foschio's order to respond to Defendant's interrogatories within ten days, Plaintiff filed a Supplemental Answer on May 23, 2011, dated May 13, 2011. (Docket No. 82.) But Defendant found these responses to still be deficient, and stated as much in a letter to Plaintiff dated May 17, 2011. (Docket No. 81-4.) Defendant thereafter filed the present motion to dismiss on the basis of noncompliance with Judge Foschio's discovery order. (Docket No. 80.)

Since that motion, Plaintiff has filed two letters, dated June 9, 2011 and June 27, 2011, in which he expresses a willingness to submit for deposition but, in his first letter, only for an hour and at Defendant's expense and then only later, in his second letter, for a full seven hours and at his own cost. (Docket Nos. 85, 89.) Plaintiff also filed a response, titled an "Answer to Defendant's second request to Dismiss," in which he alleges

that dismissal of his case would be unconstitutional.  (Docket No. 88.)

Judge Foschio ordered this action stayed pending resolution fo Defendant's Motion to Dismiss.  (Docket No. 97.)  Plaintiff nevertheless filed a motion for default judgment a week later.  (Docket No. 99.)

### III.  DISCUSSION

**A.    Defendant's Rule 37(b) Motion**

"A district court may impose sanctions when 'a party . . . fails to obey an order to provide or permit discovery.'"  Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 594, 598 (W.D.N.Y. 1996) (quoting Fed. R. Civ. P. 37(b)).  Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders.  See Friends of Animals, Inc. v. U.S. Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); see also Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 195 (W.D.N.Y. 2005) (identifying dismissal of the action as an available sanction under Rule 37); JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

While Rule 37 dismissal is a drastic remedy to be reserved only for extreme circumstances, it "is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault."  John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (and cases cited therein); see also Societe Int'l v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958)

(sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order). Moreover, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam). Finally, prior to dismissing a case, a court should first consider alternative sanctions that are less drastic. Marfia v. T.C. Ziraat Bankasi, N.Y. Branch, 100 F.3d 243, 253 (2d Cir. 1996).[2]

In considering the procedural posture of this case, this Court is unpersuaded that dismissal is appropriate at this time. See Bobal v. Rensselaer Polytecnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (dismissal pursuant to Rule 37 to be used "only in extreme situations"). Although Plaintiff's responses to Defendant's First Set of Interrogatories are not a model of clarity, they reveal that Plaintiff has at least attempted, though imperfectly, to respond to them. In its Motion to Compel, Defendant demanded that Plaintiff provide full responses to its interrogatories numbered 1, 2, 5, 8, 9, 10, and 11, as well as various document requests. (Docket No. 57.) Following oral argument before Judge Foschio,

---

[2]In addition to considering these factors, this Court, in resolving a Rule 37(b) motion, has also looked to the law governing Rule 41(b) motions to dismiss for failure to prosecute. Folk v. Rademacher, No. 00-CV-199S, 2005 WL 2205816, at *5 (W.D.N.Y. Sept. 9, 2005) (resolving Rule 37(b) motion by reference to Rule 41(b) factors); see, e.g., Johnson v. U.S. Dep't of Homeland Sec., No. 3:09-CV-975 (TJM/DEP), 2011 WL 2559560, at *3 (N.D.N.Y. Apr. 29, 2011) ("In deciding which of the available sanctions under Rule 37(b) to award, some courts have looked for guidance to cases under Rule 41(b)") (Report and Recommendation). Factors considered in granting or denying a Rule 41(b) motion include (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994); Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). Neither party relies or cites to these factors and this Court does not believe consideration of them necessary to resolve Defendant's motion.

Defendant now, in its declaration in support of dismissal and in its letter sent to Plaintiff, primarily complains of deficiencies in interrogatories 9 and 10 and Plaintiff's failure to confirm whether he has supplied all the documents, recordings, and other relevant material in document requests 1-7, and 15. (Docket No. 81.)[3] Progress, although haltingly and not without some aggravation, is being made. This is further evidenced by Plaintiff's about-face in making himself available for deposition. Although as far as this Court is aware, that deposition has not yet occurred, a review of the record suggests that this is because the parties have failed to arrive at a mutually agreeable date. There is no question that Defendant has diligently attempted to communicate with Plaintiff, and that at least some of the problems in this case owe to Plaintiff's personal circumstances.[4] What this does not amount to is a showing that Plaintiff has been willfully ignoring court orders, or has otherwise acted in bad faith. The aforementioned circumstances and Plaintiff's partial compliance also demonstrate that he has, up to this point, not been grossly negligent. See Connell v. City of New York, 230 F. Supp. 2d 432, 436-37 (S.D.N.Y. 2002) (stay of dismissal warranted to give plaintiff time to attend deposition given financial burden and violation of only one court order).

But even if the evidence were otherwise, Defendant's motion could not be granted because it is not clear that Plaintiff received adequate notice that his claim might face

---

[3] There is no question that Plaintiff's Supplemental Answers to Interrogatories, dated May 13, 2011, are, at the very least, unresponsive to Defendant's interrogatories 9 and 10. (Docket No. 82.) The filing only addresses interrogatories 2 and 11, and responds to Defendant's document requests by referring it to exhibits submitted on July 31, 2010, March 15, 2011, and May 13, 2011 and by representing that a diligent search has not revealed any further documentation.

[4] In one letter, Plaintiff describes himself as "homeless, and jobless" and as having spent time living in a homeless shelter. (Docket Nos. 85, 89.)

dismissal for failure to comply. See Martens v. Thomann, 273 F.3d 159, 181 (2d Cir. 2001) (failure of district court to give individual plaintiffs express notice weighed against dismissal); Bobal, 916 F.2d at 764 (dismissal for abuse of discovery improper without prior notice).  Defendant has provided this Court with no transcript of the proceedings before Judge Foschio, and the minutes from that oral argument do not reflect the Magistrate Judge expressly cautioning Plaintiff that failure to comply could result in dismissal.  To be sure, the amended scheduling order filed shortly after Defendant's motion to compel was granted states that "FAILURE TO COMPLY WITH ANY THE FOREGOING MAY RESULT IN SANCTIONS PURSUANT TO FED. R. CIV. P. 37(b)(2)" but it does not explicitly warn Plaintiff of the possibility of dismissal.  (Docket No. 67.)  Rather, that scheduling order only warns of the possibility that a party could be held in contempt and be held responsible for attorney's fees.  Indeed, Defendant's own letter to Plaintiff warned only that Defendant would "make an appropriate motion."  (Docket No. 81-4.)

Finally, less severe sanctions exist for Plaintiff's infractions.  Failure to turn over additional documentation, for example, may warrant an inverse inference that no additional documents exist.  See Fed. R. Civ. P. 37(b) (including as sanction "prohibiting . . . introducing designated matters in evidence").  Similarly, failure to answer interrogatories regarding efforts to mitigate damages may adversely impact any potential recovery.  See id. (providing for sanction "directing that . . . designated facts be taken as established for purposes of the action").  In short, there remain various sanctions that may be applied before the ultimate sanction, dismissal, is appropriate.

For all of the reasons discussed above, this Court finds that dismissal of this case is not warranted under Rule 37(b) for deficiencies in complying with discovery orders.

Defendant's Motion to Dismiss will be denied.

## B.     Plaintiff's Rule 37(b) Motion

On September 13, 2011, Judge Foschio issued an order staying further proceedings pending disposition of Defendant's motion to dismiss.  (Docket No. 97.)  Ignoring that order, Plaintiff, on September 20, 2011, filed a motion for default judgment.  Because this order was improperly filed in contravention of the Magistrate Judge's staying order, Plaintiff's motion will be dismissed.  See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC., No. 01 Civ. 6600, 2003 WL 21537782, at *3-*4 (S.D.N.Y. July 8, 2003) (dismissing complaint where plaintiffs violated and misrepresented court's ruling, and attempted to violate discovery stay).

## IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case do not call for that extreme penalty.  Although Plaintiff's responses have been, at times, challenging to decipher, it appears to this Court that this difficulty arises not out of Plaintiff's willfulness, but rather out of the fact that he is proceeding *pro se*.  As such, because a review of the relevant factors does not support dismissal under Rule 37(b), Defendant's motion to dismiss is denied.  Nevertheless, Plaintiff is now on notice that he has not been in full compliance with Judge Foschio's discovery orders and that continued failure to provide clear and complete responses to Defendant's interrogatories and document requests may result in dismissal.  Defendant is granted leave to renew its motion, should Plaintiff remain unresponsive.  Because Plaintiff's motion for default judgment was filed after Judge

Foschio ordered the action stayed, and because this Court is ordering Plaintiff to take further steps to come into compliance with Judge Foschio's earlier order granting Defendant's motion to compel, Plaintiff's motion is denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 80) is DENIED.

FURTHER, that Plaintiff shall file with the Clerk of the Court and serve his additional responses to Defendant's First Set of Interrogatories within 30 days of the date that this Decision and Order is filed.

FURTHER, that the parties are directed to complete deposition of Plaintiff within 45 days of the date that this Decision and Order is filed, in the event that said deposition has not already taken place.

FURTHER, that Plaintiff's failure to file appropriate responses to Defendant's First Set of Interrogatories as directed or participate in the taking of his deposition may result in this action being dismissed with prejudice.

FURTHER, that Plaintiff's Motion for Default Judgment (Docket No. 99) is DENIED.

SO ORDERED.

Dated:  March 6, 2012
       Buffalo, New York

                                            /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                               Chief Judge
                                       United States District Court