UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRYON BIGGS,

              Plaintiff,

v.

P&B CAPITAL GROUP,

              Defendant.

**DECISION AND ORDER**
10-CV-408S

## I. INTRODUCTION

Plaintiff Bryon Biggs commenced this action pro se in 2008 seeking damages for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Presently before this Court is Defendant's Motion to Dismiss the Amended Complaint. This Court has considered the submissions and finds oral argument unnecessary. For the reasons that follow, Defendants' motion is denied.

## II. BACKGROUND

Plaintiff was employed by Defendant from June to December 2008. (Am. Compl. ¶¶ 4-7.) He asserts in his Amended Complaint claims of harassment and retaliation based on his race and color. (Id. ¶¶ 13-14.) He alleges that, among other things, he was "overtaxed," that Defendant "kept several child support payments," failed to pay money owed to Plaintiff, and damaged his professional reputation. (Am. Compl. ¶¶ 13.) As stated in his initial Rule 26 disclosures, Plaintiff seeks the following relief: unpaid earned wages; child support

1

deducted from Plaintiff's paycheck but never paid as required; unpaid bonuses from September and November 2008; and "[o]ver-taxation of my November Bonus check [a]pproximately $350.00." (Docket No. 39 at 4.) He also seeks $100,000 in lost earnings for the years 2009 and 2010, offset by his asserted $31,800 in combined earnings for those years, and lost future wages at a rate of $50,000 a year for 21 years, offset by his anticipated salary of $26,880 annually. (Id.)

Defendant previously moved to compel Plaintiff to respond to interrogatory and document requests in its First Set of Interrogatories because it deemed Plaintiff's initial response inadequate. (Docket Nos. 40, 57.) On May 3, 2011, Judge Foschio held oral argument on Defendant's motion. (Docket No. 66.) The minute entry for the proceeding shows that the motion was granted as to some of the interrogatories, mooted as to parts of others, and certain interrogatories were deemed withdrawn. (Id.) As to those interrogatories on which the motion was granted, Judge Foschio directed Plaintiff to file appropriate responses within ten days. (Id.)

Defendant moved to dismiss the action pursuant to Rule 37(b) on May 25, 2011, arguing that Plaintiff failed to comply with Judge Foschio's order. (Docket No. 80.) In ruling on that motion, this Court found that "[a]lthough Plaintiff's responses to Defendant's First Set of Interrogatories are not a model of clarity," they evidenced an attempt to comply, rendering dismissal inappropriate at that time. (March 6, 2012 Decision and Order at 4, Docket No. 106.) Relevant to this determination was the fact that Plaintiff, who was and is proceeding pro se, had not received adequate notice that failure to comply with discovery requests could result in dismissal of the action. (Id. at 5-6.) Defendant's motion was therefore denied, but with leave to renew the motion should Plaintiff remain

2

unresponsive. (Id. at 7.)  This Court ordered that Plaintiff serve additional responses to Defendant's First Set of Interrogatories within 30 days, and was specifically warned that his failure to file appropriate responses as directed "may result in this action being dismissed with prejudice." (Id. at 8.)

On July 25, 2012, Defendant filed the present motion for dismissal,[1] arguing that Plaintiff has failed to comply with the orders of both Judge Foschio and this Court.

### III. DISCUSSION

A district court may impose sanctions for the failure to comply with a discovery order. Fed. R. Civ. P. 37(b); Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 594, 598 (W.D.N.Y. 1996).  Sanctions may include ordering that certain facts be considered established as claimed by the prejudiced party; prohibiting the disobedient party from submitting evidence in support of, or opposition to, certain claims or defenses; or, in extreme cases, dismissal of the entire action. Fed. R. Civ. P. 37(b)(2)(A); John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (dismissal reserved for extreme circumstances where a party's failure to comply is willful, in bad faith, or through fault). "[D]ismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam).  Prior to dismissing a case, however, a court should first consider alternative

---

[1] In support of this motion, Defendant submitted a supporting Memorandum of Law (Docket No. 123) and the Declaration of Mark R. Walling, Esq., with Exs. A-F (Docket No. 124).  Plaintiff responded with an opposing Memorandum of Law with unnumbered attachments (Docket No. 126).  Defendant filed in reply another Declaration of Mark R. Walling, Esq. (Docket No. 127).

3

sanctions that are less drastic. John B. Hull, Inc., 845 F.2d at 1176.

Here, Defendant asserts that Plaintiff has failed to adequately respond to Item 10 of Defendant's First Set of Requests for the Production of Documents. (Def's Mem of Law at 1-2, Docket No. 123; Decl. of Mark R. Walling, Esq., ¶¶ 10-11, 29-30, Docket No. 124; see Docket Nos. 40, 124-1.) That request was for the production of all of Plaintiff's "income records, whether for employment or self-employment, from January 1, 2000 to present." (Docket No. 40 at 11 (filed November 8, 2010).) In ruling on Defendant's motion to compel, Judge Foschio directed Plaintiff to comply with this request by "provid[ing] what he has." (Minutes of Oral Argument before Judge Foschio, Docket No. 66.) This may be a result of Plaintiff's argument that he was homeless for a period of time after leaving Defendant's employ, and no longer has access to certain documents. (See Pl's Mem of Law in Opp'n at 2, Docket No. 126; Docket No. 88-1 at 30 (May 2011 letter of residency from short-term emergency shelter Lockport Cares ).)

Defendant has received 2007 and 2008 W-2 forms from one of Plaintiff's employer, a record of earnings from 2005 to 2011 from another employer, and two pay stubs from a third employer for dates in December 2006 and April 2007. (Walling Decl. ¶11.) Plaintiff attached to his response to the present motion additional pay stubs from late 2011 and early 2012, but the employer is not indicated. (Pl's Mem of Law in Opp'n at 5-8.) Because Plaintiff testified that he also worked for employers for which no employment records were produced, defense counsel requested at Plaintiff's deposition that he sign authorizations for Defendant to obtain copies of his income tax records from 2006 to 2011 in order for Defendant to determine his income for those years. (Walling Decl. ¶11; Walling Reply Decl. ¶ 6; Pl's Dep., Ex. D to Walling Decl., at 131-139, 143, 173-174, 183, 187-188, 198.)

4

Despite counsel explaining that information regarding Plaintiff's income was being requested in connection with his claims of over-taxation and reduced earnings in the years following his employment with Defendant, Plaintiff refused to sign the authorizations. (Pl's Dep. at 132-134, 136-137.) Defendant now moves for dismissal based on Plaintiff failure to comply with discovery demands.

Mindful of both the fact that Plaintiff is proceeding *pro se* and that he nonetheless must comply with court orders regarding discovery, Valentine, 29 F.3d at 50, this Court concludes that dismissal is not warranted at this time. Initially, there was no express request for income tax returns in the discovery demands at issue in the prior orders of this Court and Judge Foschio. Indeed, Defendant argues that these records became necessary due to Plaintiff's inability to produce income records from his other employers or even recall his total income for certain years. (Def's Mem of Law at 4-5.) This is particularly relevant because "while tax returns are not privileged, courts, as a matter of policy, should be cautious in ordering their disclosure." United States v. Bonanno Organized Crime Family of La Cosa Nostra, 119 F.R.D. 625, 627 (E.D.N.Y. 1988) (noting that tax returns are not immune to civil discovery); In re Penthouse Exec. Club Compensation Litig., No. 10-CV-1145, 2012 WL 1511772, *2 (S.D.N.Y. April 20, 2012) (same). Defendant concedes that it bears the burden of establishing the relevance of these returns. (Def's Mem of Law at 3-4 (citing Bonanno, 119 F.R.D. at 627).) Accordingly, because the first explicit request for the tax returns occurred during a deposition where the Plaintiff appeared *pro se*, the Court does not find Plaintiff's refusal to sign the authorizations to be willful or in bad faith. See John B. Hull, Inc., 845 F.2d at 1176.

Defendant has, however, demonstrated that the income tax returns are relevant to

5

the issue of damages and necessary in light of Plaintiff's inability to produce alternative records establishing his income. In re Penthouse Exec. Club Compensation Litig., 2012 WL 1511772 at *2 (disclosure of tax returns appropriate where the information therein is relevant to the issues in the case and not otherwise readily obtainable). Further, although Plaintiff made a conclusory reference to "plead[ing t]he Fifth" at his deposition, (Pl's Dep at 137), he has abandoned any such claim in his opposition to the current motion.  In fact, Plaintiff does not reference the request for tax returns at all in his opposition, despite these documents being the primary focus of Defendant's motion.  The Court will therefore direct Plaintiff to sign authorizations[2] allowing Defendant to obtain his income tax returns for the years 2006 to 2011 within 30 days of the date of this order.  Failure to do so may result in dismissal of the Amended Complaint.

### IV. CONCLUSION

Dismissal of the Amended Complaint is unwarranted at this time, and Defendant's motion is denied.  Plaintiff, however, is directed to sign authorizations allowing Defendant to obtain income tax returns for the years 2006 to 2011 within 30 days of the date of this order.

### V. ORDERS

IT HEREBY IS ORDERED that Defendants' Motion seeking Dismissal of the Amended Complaint with prejudice (Docket No. 122) is DENIED;

---

[2] As noted by defense counsel during Plaintiff's deposition, the required form is Internal Revenue Service Form 4506: Request for Copy of Tax Return. (Pl's Dep at 133.)

FURTHER, that Plaintiff is directed to sign authorizations permitting Defendant to obtain his income tax returns for the years 2006 to 2011 within 30 days of the date of this order. Failure to do so may result in dismissal of the Amended Complaint.

SO ORDERED.

Dated: November 10, 2012
       Buffalo, New York

                                                               /s/William M. Skretny
                                                               WILLIAM M. SKRETNY
                                                                        Chief Judge
                                                           United States District Judge