UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRYON BIGGS,

            Plaintiff,

v.

**DECISION AND ORDER**
10-CV-408S

P&B CAPITAL GROUP,

            Defendant.

1. Pro se Plaintiff Bryon Biggs commenced this action in 2010 seeking damages for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Presently before this Court is Defendant's third motion to dismiss the Amended Complaint due to Plaintiff's failure to comply with discovery orders. This Court has considered the submissions and finds oral argument unnecessary. For the reasons that follow, Defendant's motion for dismissal pursuant to Rule 37(b)(2)(A)(v) is granted and the Amended Complaint is dismissed with prejudice.

2. A district court may impose sanctions for the failure to comply with a discovery order. See generally Fed. R. Civ. P. 37(b); Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 594, 598 (W.D.N.Y. 1996). Sanctions may include ordering that certain facts be considered established as claimed by the prejudiced party; prohibiting the disobedient party from submitting evidence in support of, or opposition to, certain claims or defenses; or, in extreme cases, dismissal of the entire action. Fed. R. Civ. P. 37(b)(2)(A); John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (dismissal generally reserved for extreme circumstances where a party's failure to comply is willful, in bad faith, or through fault). "The severe sanction of dismissal with prejudice

may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam).

3. The full procedural history of this matter is set out in this Court's November 12, 2012 Decision and Order, (Docket No. 128), and familiarity with that order is assumed. Notably, Defendant's prior two motions to dismiss pursuant to Rule 37(b) for Plaintiff's failure to comply with discovery orders were found to have merit, but dismissal was denied in large part due to Plaintiff's status as a pro se litigant. (March 6, 2012 Decision and Order at 5-8, Docket No. 106; November 12, 2012 Decision and Order at 5-6, Docket No. 128.) Each denial was without prejudice to Defendant renewing the motion if necessary, and each time Plaintiff was expressly warned of the possibility that dismissal would result from further noncompliance.

4. In the most recent Decision and Order, this Court ordered Plaintiff to sign authorizations within 30 days permitting Defendant to obtain his income tax returns for the years 2006 to 2011, and stated that Plaintiff's failure to do so "may result in dismissal of the Amended Complaint." (November 12, 2012 Decision and Order at 7.) Defendant asserts that Plaintiff was provided with the necessary authorization forms within a week of that order, but to date Plaintiff has failed to sign and return the authorizations. (Decl. of Mark R. Walling, Esq., ¶¶ 11-14, Docket No. 130; Def's Mem of Law at 2, Docket No. 131.) Plaintiff's response, untimely filed, neither disputes this assertion nor addresses the issue of the authorizations. (Pl's Opp'n, Docket No. 133.) Plaintiff filed a sur-reply absent permission, (see Local Rule 7(a)(6)), which also fails to directly address his failure to sign the authorizations. (Docket No. 135.) The most relevant assertion therein is Plaintiff's

request that the Court "be mindful a tax return question is not in the first 64 [interrogatories]." (Docket No. 135 at 3.) Notably, the Court denied Defendant's last motion to dismiss in large part because an "explicit request for the tax returns" was made for the first time during a deposition where Plaintiff appeared *pro se*. (November 12, 2012 Decision and Order at 5.) The Court nonetheless found the request warranted and ordered Plaintiff to sign the authorizations within 30 days. Plaintiff failed to do so.

5. In light of Plaintiff's documented history of noncompliance with discovery demands and orders in the face of repeated, express warnings of the possibility of dismissal, this Court finds the current failure to comply with its prior order willful and in bad faith. Defendant's motion to dismiss the Amended Complaint with prejudice is granted.

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss (Docket No. 129) is GRANTED;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: April 2, 2013
       Buffalo, New York

     /s/William M. Skretny
     WILLIAM M. SKRETNY
     Chief Judge
     United States District Judge